UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00532-FWS                                  Date: May 27, 2026
Title: Cesar Vallarta v. Alliance Portfolio *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Appellant:                    Attorneys Present for Appellees:

Not Present                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE**

In this case, Appellant Cesar Vallarta ("Appellant") appeals pro se the Bankruptcy Court's dismissal of Appellant's Chapter 13 proceeding. (Dkt. 1.) On April 14, 2026, Appellee Alliance Portfolio filed a Motion to Dismiss, arguing that the appeal is moot because the underlying bankruptcy case has been dismissed. (Dkt. 7 ("Motion").) The court set the Motion for hearing on May 28, 2026. (Dkt. 8.) Under this District's Local Rules, Appellant's opposition would have been due on May 7, 2026. C.D. Cal. L.R. 7-9. When no opposition was filed, the court ordered Appellant to show cause in writing on or before May 26, 2026 why the court should not dismiss this appeal for failure to prosecute. (Dkt. 9 ("OSC").) In the OSC, the court specifically advised that "[f]ailure to adequately address this order will result in the court vacating the May 28, 2026 hearing and dismissing this appeal." (*Id.* at 1.) Appellant did not respond. (*See generally* Dkt.) Indeed, Appellant has not filed any document in this case since the Notice of Appeal on February 25, 2026. (*See id.*)

Based on the record, as applied to the relevant law, the court **DISMISSES** this case, for reasons including those described in the Motion, and for failure to prosecute and comply with a court order. (*See generally* Motion; OSC); Fed. R. Bankr. P. 8003(a)(2) (an appellant's failure to take steps to prosecute a bankruptcy appeal may be grounds for dismissal); *see also* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon*

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00532-FWS                                      Date: May 27, 2026
Title: Cesar Vallarta v. Alliance Portfolio *et al.*

*Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

_____